UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TOMMY BLUE BIRD, <br><br> Defendant. | CR. 16-50064-JLV <br><br><br> ORDER |

**INTRODUCTION**

Defendant Tommy Blue Bird, appearing *pro se*, filed a motion for compassionate release.   (Docket 45).   Pursuant to the Amended Standing Order 20-06, the Federal Public Defender for the Districts of South Dakota and North Dakota ("FPD") and the United States Attorney for the District of South Dakota filed records, submissions and briefing on Mr. Blue Bird's motion. (Dockets 47-49).   For the reasons stated below, defendant's motion for compassionate release is denied.

**AMENDED STANDING ORDER 20-06**

Amended Standing Order 20-06,[1]  captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(d)(l)(A), in the wake of the spread of

---

[1]See https://www.sdd.uscourts.gov/socraa.

the COVID-19 virus into the federal prison system."   (SO 20-06 at p. 1).   By the amended standing order, the FPD and the United States Attorney for the District of South Dakota are "to place [the defendant] into one of four categories[.]"   Id. ¶ 4.   Those categories are:

a. High Priority Cases where there exists some combination of: (i) medical issues that correspond to the categories outlined in the commentary to U.S.S.G. § l.B.1.13; (ii) recognized COVID-19 risk factors in the inmate's medical history; and/or (iii) imprisonment in a federal facility known to have a serious COVID-19 outbreak in its population. . . .

b. Intermediate Priority Cases where identified medical issues and/or COVID-19 risk factors and/or institutional concerns are less extreme than High Priority Cases.

c. Low Priority Cases where there are no identifiable medical issues or COVID-19 risk factors.

d. Unknown Risk Cases where there is a lack of sufficient information to categorize the request for compassionate release.

Id.   The FPD and U.S. Attorney are to "immediately report the categorization . . . to the Clerk of Court and the Probation Office."   Id.

## MR. BLUE BIRD'S CLASSIFICATION

On October 23, 2020, the FPD and the U.S. Attorney filed a notice designating Mr. Blue Bird's case as a Low Priority.   (Docket 46).

## FACTUAL BACKGROUND

Mr. Blue Bird pleaded guilty to assault with a dangerous weapon and assault by strangulation and suffocation in violation of 18 U.S.C. §§ 113(a)(3), 113(a)(8) and 1153.   (Dockets 25 & 29).   A presentence investigation report

("PSR") ordered by the court indicated Mr. Blue Bird's advisory guideline range was 63 to 78 months of imprisonment based upon a total offense level of 25 and his criminal history category II.   (Docket 36 ¶ 49).   On November 9, 2016, Mr. Blue Bird was sentenced to a term of imprisonment of 78 months followed by three years of supervised release.   (Dockets 39 & 42 at pp. 2-3).

Mr. Blue Bird is currently an inmate at FCI Herlong, a medium security facility, in Herlong, California.   Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last checked Apr. 21, 2021).   The total inmate population at FCI Herlong is currently 905 persons.   https://www.bop.gov/locations/institutions/her/ (last checked Apr. 21, 2021).   As of April 21, 2021, there were no active COVID-19 cases among inmates and five active cases among staff at FCI Herlong.   https://www.bop.gov/coronavirus/ (last checked Apr. 21, 2021).   There have been no inmate or staff deaths as a result of COVID-19, and 234 inmates and 22 staff have recovered from COVID-19 at FCI Herlong. Id.

Mr. Blue Bird has a scheduled release date of September 27, 2021. (Docket 48 at p. 200).   Mr. Blue Bird's sentence is nearly completed, and under his current status in the Bureau of Prisons ("BOP"), Mr. Blue Bird's home detention eligibility date is March 27, 2021.   Id.   Mr. Blue Bird is 32 years old.   Id. at p. 199.

Mr. Blue Bird's *pro se* motion seeks compassionate release on the basis of extraordinary and compelling reasons in light of his asthma and gastro-

esophageal reflux disease ("GERD") during the COVID-19 pandemic.   (Docket 45).   Mr. Blue Bird's medical records confirm his diagnoses of asthma and GERD.   (Docket 48 at p. 56).   His asthma is controlled with an albuterol inhaler and mometasone furoate, and he takes omeprazole for GERD.   Id. at 190.

On November 2, 2020, a notice was filed advising the court the victim of Mr. Blue Bird's crime was concerned about her safety should he be released. (Docket 47).   On November 11, 2020, the FPD docketed a notice of intent not to supplement Mr. Blue Bird's *pro se* motion.

The government opposes Mr. Blue Bird's motion for compassionate release.   (Docket 49).   The government argues Mr. Blue Bird's medical conditions are not extraordinary and compelling reasons for release and his asthma and GERD are stable and well managed in BOP custody.   Id. at pp. 7-9.   The government contends the 3553(a) factors also weigh against Mr. Blue Bird's release.   Id. at pp. 10-11.   The government reminds the court Mr. Blue Bird kept the victim and the victim's children locked in a room for several days, and over the course of that time, he committed several acts of violence against the victim.   Id. at p. 11.

## ANALYSIS

### Administrative Exhaustion

Section 3582(c) permits the district court to consider an inmate's request for compassionate release after he exhausts the administrative remedies

mandated by the statute.    18 U.S.C. § 3582(c)(1)(A)(i).   The government does

not contest administrative exhaustion; therefore, the court will address the

motion on its merits.

**Extraordinary and Compelling Reasons**

"Section 3582(c)(1)(A)(i) does not attempt to define the 'extraordinary and

compelling reasons' that might merit compassionate release."   United States v.

McCoy, 981 F.3d 271, 276 (4th Cir. 2020).   That task was left to the United

States Sentencing Commission.   See 28 U.S.C. § 994(t).   Prior to the First

Step Act, the Sentencing Commission established four categories for

"extraordinary and compelling reasons for sentence reduction, including the

criteria to be applied and a list of specific examples."   See id.   Those

categories generally focus on the defendant's age, medical condition, family

situation and any other reasons the BOP deems extraordinary and compelling.

U.S.S.G. § 1B1.13 comment. n.1.   The four categories have not been updated

since December 2018 when the First Step Act became law.[2]

The court previously surveyed the status of the law as to a court's

authority under the First Step Act.   E.g., United States v. Thunder Hawk, CR.

14-50008, 2021 WL 253456, at *5 (D.S.D. Jan. 26, 2021); United States v.

Magnuson, CR. 15-50095, 2020 WL 7318109, at *4-5 (D.S.D. Dec. 11, 2020);

---

[2]The United States Sentencing Commission lacks a quorum and
"currently has only two voting members, two short of the four it needs to
amend the [U.S.S.G.]."   United States v. Marks, 455 F. Supp. 3d 17, 24
(W.D.N.Y. 2020) (references omitted).

United States v. King, CR.15-50050, 2020 WL 6146446, at *4-5 (D.S.D. Oct.

20, 2020).   A summary of that survey is sufficient here.

This court has held it retains its independent authority "to consider the

full slate of extraordinary and compelling reasons that an imprisoned person

might bring before [the court] in motions for compassionate release."[3]   E.g.,

Magnuson, 2020 WL 7318109, at *5   (quoting United States v. Brooker, 976

F.3d 228, 237 (2d. Cir. 2020)); see also McCoy, 981 F.3d at 283 ("As of now,

there is no Sentencing Commission policy statement 'applicable' to the

defendants' compassionate-release motions, which means that district courts

need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13

in determining whether there exist 'extraordinary and compelling reasons' for a

sentence reduction."); United States v. Jones, 980 F.3d 1098, 1111 (6th Cir.

2020) ("In cases where incarcerated persons file motions for compassionate

release, federal judges . . . have full discretion to define 'extraordinary and

compelling' without consulting the policy statement § 1B1.13."); and United

States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with the Second

Circuit that the Guidelines Manual "does not curtail a district judge's

discretion").

---

[3]The United States Court of Appeals for the Eighth Circuit had several
opportunities to address this issue but declined to do so.   United States v.
Vangh, 990 F.3d 1138, 1141 n.3 (8th Cir. 2021); United States v. Loggins, Jr.,
966 F.3d 891 (8th Cir. 2020) and United States v. Rodd, 966 F.3d 740 (8th Cir.
2020).

The purpose of the First Step Act was to expand the availability of compassionate release based on judicial findings of extraordinary and compelling reasons without being restricted to those categories identified by the Sentencing Commission or the rationale used by the BOP before the passage of the First Step Act.   Despite the expanded authority under the First Step Act, the court finds Mr. Blue Bird has not met his burden of proof by presenting "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i).

Adults of any age are at increased risk of severe illness from COVID-19 if they have certain conditions.   Recently, the CDC updated its understanding of the health conditions increasing the risk from COVID-19.   See People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (updated Mar. 29, 2021).   The CDC now states individuals with the following conditions *can* be more likely to become severely ill from COVID-19: cancer, chronic kidney disease at any stage, chronic lung diseases (including moderate to severe asthma, chronic obstructive pulmonary disease ("COPD"), cystic fibrosis and pulmonary hypertension), dementia or other neurological conditions, diabetes (type 1 or type 2), heart conditions (such as heart failure, coronary artery disease, cardiomyopathies or hypertension), HIV infection, immunocompromised state, liver disease, overweight and obesity, being a

7

current or former smoker, history of stroke or cerebrovascular disease,
substance abuse disorders and several others.   Id.

The CDC's guidance to clinicians explains: "[t]he risk of severe COVID-19
increases as the number of underlying medical conditions increases in an
individual." https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-
care/underlyingconditions.html (updated Mar. 29, 2021).   Mr. Blue Bird relies
upon his conditions of asthma and GERD in support of his motion.   GERD,
however, is not a condition that is recognized by the CDC as increasing the risk
of severe illness from COVID-19.   And there is nothing in the records to
indicate Mr. Blue Bird's asthma rises to the level of moderate to severe.

Medical sources indicate that the level of severity for asthma is classified
in part by the frequency and intensity of symptoms and functional limitations.
See Asthma Care Quick Reference, Nat'l Heart, Lung and Blood Inst.,
https://www.nhlbi.nih.gov/health-topics/all-publications-and-resources/
asthma-care-quick-reference-diagnosing-and-managing (last visited Apr. 6,
2021).   There is a lack of evidence in the records that Mr. Blue Bird's asthma
meets the criteria for moderate to severe.   In fact, Mr. Blue Bird's asthma
appears well controlled within FCI Herlong.   Mr. Blue Bird is prescribed an
albuterol inhaler that he is instructed not to use daily, and he has a
mometasone furoate inhaler to use twice daily.   (Docket 48 at p. 190).   As of
his most recent chronic care clinic record, Mr. Blue Bird had no new or acute

8

breathing concerns.   Id. at p. 170.   His records also show a history of non-compliance with his mometasone fuoroate.   Id. at p. 176.

The court also recognizes the BOP's recent implementation of a COVID-19 vaccination program.   BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last checked Apr. 21, 2021).   As of April 21, 2021, 137,845 doses have been administered systemwide, and the number continues to rise. Id.   At FCI Herlong, 108 staff and 156 inmates have been fully inoculated as of April 21, 2021.   Id.   According to the BOP, those inmates who wish to receive the vaccine will have an opportunity to do so, but

> [w]hen an institution receives an allocation of the vaccine, it is first offered to full-time staff at that location, given that staff - who come and go between the facility and the community - present a higher potential vector for COVID-19 transmission. Vaccinating staff protects fellow staff, inmates at the facility, and the community.

Id.

The court understands Mr. Blue Bird's concern of being incarcerated during the age of COVID-19.   Nevertheless, Mr. Blue Bird does not present "extraordinary and compelling" reasons for compassionate release.

### 3553(a) Factors

The court concludes the § 3553(a) factors do not support relief.   These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct and protect the public from further crimes of the defendant, among

others.   18 U.S.C. § 3553(a)(1)-(7).   A detailed analysis of these factors is unnecessary.   Mr. Blue Bird's offense was serious and violent.   (Docket 36 ¶ 3).   Mr. Blue Bird restrained the victim and her children in his home for four days.   Id.   During that time, he assaulted the victim in numerous ways, including striking her with a folding chair and strangling her with both hands to the point she passed out.   Id.   The court sentenced Mr. Blue Bird to the upper end of the guideline range at 78 months.   That sentence was chosen with care to reflect the seriousness of his offense, provide appropriate punishment and protect the victim and the community.   Mr. Blue Bird is nearing the end of that term and is eligible for home detention on March 27, 2021.   (Docket 48 at p. 200).   Early release is not warranted.

## ORDER

No good cause having been proven, it is

ORDERED that defendant's motion for compassionate release (Docket 45) is denied.

Dated April 21, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE